CLEMENTS, et ux. *v.* TOWN OF CARROLLTON.

Mar. 16, 1953

No. 38695 24 Adv. S. 6 63 So. 2d 398

*Bell & McBee,* for appellants.

*Maurice R. Black,* for appellee.

HOLMES, J.

The appellee, Town of Carrollton, filed its original bill in the Chancery Court of the First Judicial District of Carroll County, against W. C. Clements, Sr. and Mrs. W. C. Clements, Sr., praying the issuance of a mandatory injunction to require the defendants to remove a dam which they had constructed across a drainage ditch on the west side of their property, and which was allegedly obstructing the flow of water through said ditch, and seeking also the recovery of damages alleged to have

been sustained by the appellee as the result of the erection and maintenance of said dam. A preliminary injunction was issued and served upon the defendants, and within ten days or two weeks thereafter they removed the dam. The defendants answered the bill, admitting the erection of the dam and averring that it was erected to protect their property from overflow and that it was promptly removed upon the service of the injunction upon them, and denying that the appellee had suffered, or was entitled to recover, damages by reason thereof. The defendants made their answer a cross-bill, and alleged that their home was situated on the north side of Greenwood Street in the Town of Carrollton, which for many years was a graveled street, and that in the latter part of 1949, or early in 1950, the Town had black-topped this street and had thereby increased the natural flow of water on the same in the direction of the property of the cross-complainants, and had negligently failed to clean out or deepen the drainage ditches on each side of said street and the culverts appertaining thereto, and that as a result thereof, water in an increased volume was caused to flow upon and undermine and damage the driveway on the property of the cross-complainants, and they sought the recovery of damages therefor.

The chancellor heard the evidence, and, by consent of the parties, viewed the locus in quo, and made a finding of fact adverse to the defendants and cross-complainants, and entered a decree making the injunction perpetual, denying damages to the Town of Carrollton, and dismissing the cross-bill, from which decree this appeal is prosecuted. Pending the appeal, the defendant W. C. Clements, Sr., died, and this cause as to him has been revived in the name of his wife as his administratrix.

It is the contention of the appellants on this appeal that the chancellor's findings of fact are not supported by the evidence and that the decree of the chancellor is contrary to the overwhelming weight of the evidence.

The question here presented, therefore, is whether the evidence on the vital issues involved was so conflicting as to create an issue of fact for the determination of the chancellor, and whether the chancellor's decision under this evidence is so manifestly wrong as to warrant a reversal.

Certain of the facts as to the structural situation at the scene of the alleged damage are undisputed. Greenwood Street in the Town of Carrollton runs generally in an east and west direction. Its eastern terminal intersects Lexington Street, which runs generally in a north and south direction. The property of the appellants, which they acquired in 1930 and have since occupied, is located on the north side of Greenwood Street. Greenwood Street slopes in a westerly direction until it reaches a point opposite the property of the appellants, when it begins a gradual ascent, and thus the property of appellants is located at the lowest point of elevation on the street, and the natural flow of water along the street is in the direction of the property of appellants. The south side of the street is higher than the north side of the street. On each side of the street and running parallel with the street is a ditch, which for years has served as a natural drain to take care of the water falling on and along said street. The flow of the water in the ditch on the south side of the street is westward and into a culvert under the street in front of the property of appellants, and thence northward through the culvert and into an established drainage ditch on the west side of the property of appellants. The flow of the water in the ditch on the north side of the street is westward and through a culvert which the appellants constructed thereon for the purpose of maintaining a driveway to their premises, and thence into the aforesaid established drainage ditch through which it continues northward. There is a culvert at the western terminal of Greenwood Street where it intersects Lexington Street which is

designed to relieve some of the flow of water on and along Greenwood Street and carry it northward along Lexington Street. Prior to the latter part of 1949, or the early part of 1950, Greenwood Street was a graveled street. At that time, the Town black-topped Greenwood Street. There is no evidence that its grade was changed. There is evidence that because a black-topped street is more impervious to water than a graveled street, the flow of water on and along the black-topped street and into the drainage ditches on each side is three percent greater than would be true of a graveled street.

We think that appellants have no ground to complain that the Town, by black-topping the street, has hastened the flow of water into the natural drains on each side and caused it to flow in increased volume. There is no evidence of diversion of the surface waters from the natural drains. In the cases of Board of Drainage Commissioners of Drainage District No. 10 of Bolivar County v. Board of Drainage Commissioners of Washington County, 130 Miss. 764, 95 So. 75, and Jones v. Walker, (Miss.) 44 So. 2d 466, it was held that ▮▮▮ an upper riparian owner may drain his surface water into a natural course, even though it increases the flow of the water course beyond its capacity. In the case of Cauthen v. City of Canton, 144 Miss. 471, 110 So. 123, the Court said:

"It is contended by the city that, inasmuch as no artificial drains empty into this ditch casting waters therein that were not accustomed to flow there, the city had the right to hasten the flow of the water occasioned by its paving of the streets. The city relies upon Drainage District Commissioners v. Drainage District Commissioners, 130 Miss. 764, 95 So. 75, 28 A. L. R. 1250, and other cases, in so far as the suit for damage to the lot occasioned by the increased flow of water and the overflow of water upon the lot are concerned. We think that the contention of the city is supported and controlled

by that case, and by Herring v. Lee County, 130 Miss. 1, 93 So. 436.''

But it is argued by the appellants that appellee was negligent in failing to keep cleaned out the ditches and culverts in order to provide adequate escape for the increased waters which were cast into the natural drains by reason of the black-topping of the street. Whether or not the Town met the degree of care required of it in maintaining the ditches and culverts in reasonably proper condition was, in our opinion, an issue of fact on which the evidence was conflicting. There was evidence for the appellants that the ditches and culverts were not adequately maintained. On the other hand, the Town officials testified that such work as was necessary was done to maintain the ditches and culverts in proper condition. Furthermore, the chancellor, by consent of the parties, viewed the premises and determined from the conflicting evidence and his view of the premises that the Town was not at fault with respect to the conditions of which appellants complained. We think that it was the province of the chancellor to determine this issue of fact from the conflicting evidence, and, since he viewed the premises, that his decision should not be disturbed unless it appears that his decision is not supported by substantial testimony delivered by sworn witnesses. Kress & Company v. Sharp, 156 Miss. 693, 126 So. 650. Great weight is to be attributed to the fact that the chancellor viewed the premises. In the case of Kress & Company v. Sharp, supra, the court quoted with approval 1 Thompson on Trials (2d Ed.) Section 902, to the effect that cases where there has been a view stand on a special footing, and that a verdict based partly on a view should not be disturbed unless it is not supported by substantial testimony delivered by sworn witnesses. See also National Box Company v. Bradley, 171 Miss. 26.

After a careful review of the record, and considering the fact that the chancellor based his decision partly

upon his view of the premises, we are of the opinion that the decree of the court below is amply supported by the evidence and should not be disturbed. Accordingly, the decree of the court below is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Arrington* and *Lotterhos, JJ.,* concur.