PERSON *v.* ROANE.

Nov. 2, 1953

No. 38907 41 Adv. S. 37 67 So. 2d 535

*Kermit R. Cofer, John P. Horan,* Water Valley, for appellant.

*Jesse L. Yancy, Jr., W. V. Byars,* Bruce, for appellee.

HALL, J.

Appellee brought suit against appellant alleging that appellant had entered upon appellee's land and had set off explosives thereon and he asked for damages as a consequence thereof and for an injunction to prevent appellant from further trespassing thereon. Appellant answered and averred that he did not enter upon any land belonging to appellee but that he merely opened up a drainage ditch which was situated not upon appellee's land but upon appellant's land; he also filed a cross-bill in which he alleged that appellee had filled in the ditch in question and he prayed for an injunction to prevent appellee from obstructing the same, claiming that the ditch was used to drain surface water from the lands of both parties.

Upon the hearing the chancellor found as a fact that the ditch in question is situated on lands of appellee, that appellant was a trespasser in entering the same and exploding dynamite therein, and that the damage which both parties had sustained resulted not from the diversion or impounding of surface waters but from the backing up of flood waters on their lands from an adjacent natural water course. In consequence of these findings

the chancellor dismissed the cross-bill and granted the injunction prayed for in the original bill, but declined to award appellee any damages, finding as a fact that appellee was not damaged by the explosions.

By agreement of both parties the chancellor went out and viewed the premises with counsel for both parties present and pointing out their respective contentions. In his findings the chancellor stated that it would have been difficult to reach a conclusion without seeing the premises, but he observed the ditch in controversy, the flow of water in the natural water course, and the drifts which had been deposited by the waters upon the lands of the parties, and he found as a fact that the whole controversy was precipitated by flood waters and not by surface water.

In Clements v. Town of Carrollton, 216 Miss. 859, 63 So. 2d 398, and in other cases therein cited, we held that when the chancellor viewed the premises in such cases as here presented, great weight is attributed to his findings, and they will not be disturbed on appeal unless it appears that his decision is not supported by substantial testimony delivered by sworn witnesses. We find here that the learned chancellor is amply supported by the testimony of sworn witnesses. The case involved purely a question of fact for his solution.

Appellant contends that he had acquired an easement in the ditch by virtue of its having been in existence over a period of more than ten years by agreement between appellee and appellant's predecessor in title. The proof does establish that the ditch was opened up about twenty years ago, but the proof is in conflict as to its having been used by appellant's predecessor in title for such length of time and in such manner as to establish an easement therein, and it should be noted that appellant did not acquire the adjoining land until the year 1945 so that such use as he has made of the ditch has been for less than the statutory period. The proof preponderates

in favor of appellee to the effect that such use as has been made of the ditch by appellant and his predecessor was with the permission of appellee and not under an adverse claim. It was said in Lanier v. Booth, 50 Miss. 410, 415-416, ██ ██ "And all the cases concur in the doctrine that the right must be exercised adversely to that of the owner of the servient estate, since no length of enjoyment by his permission, and under a recognition of his right to grant or withhold it, at his pleasure, will ripen into an easement." This authority supports the conclusion of the chancellor in appellee's favor.

Appellant further contends that the injunction should be so clear and certain in its terms that appellant may know what he is restrained from doing, and that the decree and injunction herein do not comply with this rule. ██ ██ The bill of complaint described appellee's land by governmental subdivisions. The first decree directed the issuance of a temporary injunction "as prayed for in the original bill of complaint" and the final decree adjudicated "The preliminary injunction heretofore issued be and the same is hereby made permanent and the clerk of this court is directed to issue writ of injunction, enjoining, prohibiting, and restraining Greer Person from entering upon the lands owned by H. C. Roane, and from using any explosives thereon to open the ditch known as the Lantrip Ditch . . ." This is certainly sufficiently definite to inform appellant exactly what he is to refrain from doing.

Affirmed.

*McGehee, C. J.,* and *Holmes, Arrington* and *Ethridge, JJ.,* concur.