MISSISSIPPI STATE HIGHWAY COMMISSION *v.* TURNIPSEED, et al.

No. 41215          May 18, 1959          111 So. 2d 925

*Beard, Pack & Ratcliff*, Laurel, for appellant.

*George D. Maxey*, Laurel, for appellees.

HOLMES, J.

This is an appeal from a judgment of the Circuit Court of the First Judicial District of Jones County affirming a judgment of the county court rendered on a jury verdict in eminent domain proceedings instituted by the Mississippi State Highway Commission, appellant here, against the appellees. The jury, after hearing the evi-

dence and viewing the property, returned a verdict in the sum of $5320 in favor of the appellees.

The sole assignment of error is that the lower court erred in overruling the appellant's motion for a new trial for the reason that the verdict of the jury was against the overwhelming weight of the evidence and so excessive that it evinces bias, passion and prejudice against the appellant and in favor of the appellees.

Two witnesses were offered by the appellant to fix the before and after value of the property, namely, James F. Parish, Sr., and Clarence Boone. The witness Parish fixed the value of the property before the taking at $22,-259, and after the taking at $19,259, being a difference of $3,000. The witness Boone fixed the value of the property before the taking at $22,250, and after the taking at $19,000, being a difference of $3,250. M. P. Carter, testifying for the appellees, fixed the value of the property before the taking at $30,250, and after the taking at $24,125, being a difference of $6,125.

The argument of the appellant in its final analysis is that because of superior qualifications of the appellant's two witnesses to testify as to value, their testimony should be accepted and the testimony of the witness for the appellees rejected. It must not be overlooked, however, that the jury viewed the property, and then in the light of the testimony as a whole and their own view of the property, fixed the amount of the award to the appellees. It is significant too that the witness Carter, after stating his qualifications, was permitted to testify without objection upon the ground of any lack of qualification to testify as to value. We think the qualifications of the respective witnesses to testify as to value were, under the facts of this case, a question for the consideration of the jury, and that the sworn testimony of the witness Carter afforded substantial testimony in support of the verdict. ■■ ■ It is a general rule that the view by the jury, when taken together with

the substantial testimony of sworn witnesses, will preclude a review of the verdict as being contrary to the overwhelming weight of the evidence.

In the case of Great Atlantic & Pacific Tea Co. v. Davis, 177 Miss. 562, 171 So. 550, the Court said: "There is substantial testimony, in support of the verdict, delivered by sworn witnesses, leaving aside the view of the premises by the jury, and in such case, as was held in Kress & Co. v. Sharp, 156 Miss. 693, 702, 126 So. 650, 68 A. L. R. 167, the view by the jury when taken together with the substantial testimony delivered by sworn witnesses will, as a general rule, preclude a review of the verdict as being contrary to the overwhelming weight of the evidence."

In the case of Clements et ux. v. Town of Carrollton, 216 Miss. 859, 63 So. 2d 398, the Court said: "We think that it was the province of the chancellor to determine this issue of fact from the conflicting evidence, and, since he viewed the premises, that his decision should not be disturbed unless it appears that his decision is not supported by substantial testimony delivered by sworn witnesses. Kress & Company v. Sharp, 156 Miss. 693, 126 So. 650, 68 A. L. R. 167. Great weight is to be attributed to the fact that the chancellor viewed the premises. In the case of Kress & Company v. Sharp, supra, the court quoted with approval 1 Thompson on Trials, 2d Ed., Section 902, to the effect that cases where there has been a view stand on a special footing, and that a verdict based partly on a view should not be disturbed unless it is not supported by substantial testimony delivered by sworn witnesses. See also National Box Company v. Bradley, 171 Miss. 15, 26, 154 So. 724, 157 So. 91, 95 A. L. R. 1500."

In the light of the views expressed and the authorities hereinbefore cited, we have reached the conclusion that we would not be warranted in disturbing

the verdict of the jury and the judgment of the court below is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.