MISSISSIPPI STATE HIGHWAY COMMISSION *v.* STUBBS, et ux.

No. 41568          November 7, 1960          124 So. 2d 281

*Beard, Pack & Ratcliff,* Laurel, for appellant.

*George D. Maxey,* Laurel, for appellees.

McGEHEE, C. J.

This is an eminent domain proceeding which originated in the County Court of the First Judicial District of Jones County, Mississippi. In that court there was a verdict and judgment in favor of the appellees Claude E. Stubbs and wife for the sum of $4,500. Upon appeal by the appellant, Mississippi State Highway Commission, to the Circuit Court of said County the trial judge ordered a reversal in the case unless the plaintiffs would enter a remittitur in the sum of $1,000, reducing the verdict and judgment to the sum of $3,500. The appellees declined or failed to enter the remittitur and consequently the verdict and judgment rendered in the county court were set aside and a trial de novo ordered in the circuit court.

As a result of the trial in the circuit court there was a verdict and judgment rendered in favor of the appellees for the sum of $5,021 for a strip of unimproved land containing 7.18 acres taken by the appellant for highway purposes, and hence this appeal by the Mississippi State Highway Commission.

The two grounds of error assigned for a reversal of the case are: First, that the trial court erred in permitting the sole witness for the appellees to testify as to the before and after value of the premises, without having qualified from knowledge and experience to testify as to the before and after value of the slightly more than 15 acres of the land of the appellees, all under fence, and from which the 7.18-acre strip of land was taken for highway purposes; and secondly, that the verdict of the jury and judgment of the circuit court is so grossly

excessive as to evince bias, passion and prejudice on the part of the jury.

It may be that the witness for the appellees was technically competent to testify as to the land values under the decisions in the cases of Board of Levee Commissioners v. Hendricks, 77 Miss. 483, 27 So. 613, and Board of Levee Commissioners v. Nelms, 82 Miss. 416, 34 So. 149, but we are of the opinion that his testimony had little, or no, probative value. Three witnesses of knowledge, training and experience testified as to their familiarity with land values in that area and of their knowledge from observation of the particular land in question.

One of these three witnesses testified as to the kind, quantity and character of the appellees' 15 and a fraction acres of land, and as to the value of the improvements on the land not taken, but this witness was introduced by the appellant in support of its motion to have the jury in the circuit court view the premises during the trial. The appellees joined in this motion but the trial court overruled the same on the ground that due to the construction work which had been done on the right-of-way, prior to that trial, a view of the premises would not avail the jury anything in determining the value of the land before the right-of-way was taken and placed under construction. No error is assigned because of the overruling of the appellant's motion for the jury to view the premises, and therefore the question of whether or not the motion for a view of the premises by the jury should have been sustained is not now before us.

The other two witnesses introduced by the appellant testified as to their knowledge, training and experience in determining land values, and they disclosed that they were fully competent to testify as witnesses as to the value before and after the taking of the right-of-way in the instant case, assuming they had a mind to give the jury the benefit of their honest judgment in the matter.

One of these witnesses placed the value of the approximately 15-acre tract of land, inclusively of all improvements, at the sum of $8,000 before the right-of-way was taken and placed its after value at $6,900, making a difference of $1,100 as damages to the appellees for the taking of the right-of-way 370 feet wide running from northeast to southwest across the tract of land so as to leave 2.21 acres of hilly woodland in the southeast corner of the tract, severed from the remainder thereof.

The other witness for the appellant placed the value of the land before the taking at $7,500 and the value after the taking at $6,300, or a difference of $1,200 as damages to the appellees caused by the taking of the right-of-way.

The right of way was acquired for the purposes of a four lane nonaccess interstate highway, two north-bound traffic lanes and two south-bound traffic lanes.

None of the approximately 15-acre tract of land was in a state of cultivation, nor was any of the same being used for cattle raising or any other profitable purpose. The appellee Claude E. Stubbs was employed at an industrial plant in the City of Laurel, and went back and forth to his place of work from his home located approximately 3 miles from the City of Ellisville in the northwest corner of the entire tract of land, abutting on paved highway No. 590, which constituted the northern boundary of his tract of land from the northwest corner thereof to the northeast corner. He had a six room residence consisting of a combination living and dining room, one large bedroom and one small bedroom, kitchen and bath, and he had a well and a butane gas system in connection with the said residence.

There were approximately 10.5 acres of open land, suitable for pasture, and the remainder of the slightly more than 15-acre tract had a small growth of oak scrubs and little pines, some of which pines were suit-

able for pulpwood, and there was very little, if any, merchantable timber.

The right-of-way of 7.18 acres was about one-half open land and the remaining one-half woodland of the type and character hereinbefore mentioned. Where the right-of-way entered the premises of the appellees near the northeast corner and on the east side of the right-of-way, there was a cut approximately 6 or 7 feet deep, but on the west side of the highway at that point the proof shows there was practically no cut at all. The right-of-way as a whole was on a lower level than the residence site in the northwest corner of the entire tract which sloped generally toward the southeast.

There is no proof that any of the land was being used for pasture purposes, but one witness said something about having seen a horse on the open land on one occasion. In other words, the land was not being used either for cultivation or pasture purposes.

The witness for the appellees (who had been a school teacher for 18 years at the Junior College, and who demonstrated by his testimony that he knew no more about the value of the land than the average citizen who was familiar with the location and character thereof, and whose calculations were more erroneous than those of such average citizen would likely have been) placed a value on the entire tract of land before the taking in the sum of $12,362.50. Of this amount he attributed to the residence a value of $7,500, but he was wholly unable to explain how he arrived at the remainder of his total value before the taking, or how he arrived at the value of $7,087.50 as damages to the appellees by reason of the taking of the right-of-way. Obviously the last two amounts above mentioned exceed his total valuation before the taking. Neither the homesite nor any of the other improvements in connection therewith will be disturbed by the taking of the right-of-way, nor will the paved highway No. 590 which is located in the front of the residence and forms the entire northern

boundary of the slightly more than 15-acre tract, be altered or changed in any way.

■ ■ Consequently we are of the opinion that the verdict of $5,021 rendered in this case is so grossly excessive as to shock the enlightened conscience of the Court and that the case should be reversed and remanded for a new trial unless within 10 days from this date a remittitur in the sum of $1,500.00 is entered herein. If such remittitur is so entered, a judgment for the remaining amount in the sum of $3,521.00 will be affirmed.

Affirmed with remittitur.

*Arrington, Ethridge, Gillespie* and *McElroy, JJ.,* concur.