Mississippi State Highway Commission *v.*
Trammell, et ux.

No. 43499          April 26, 1965          174 So. 2d 359

*Pack & Ratcliff,* Laurel, for appellant.

R. L. *Willett, E. R. Alley, Deavours & Hilbun,* Laurel, for appellees.

INZER, J.

Appellant, Mississippi State Highway Commission, filed in the County Court of the Second Judicial District of Jones County, Mississippi a petition to condemn for highway purposes 9.93 acres of land belonging to appellees. The jury returned a verdict for appellees in the amount of $22,354.00. The commission appealed to the circuit court, where the judgment of the county court was affirmed. The commission contends on this appeal, among other things, that the jury's verdict on which the judgment was based is so grossly excessive as to evince bias, passion and prejudice. We are in agreement with this contention.

Appellees, Mr. and Mrs. Homer Trammell, were the owners of 44 acres of land located about 2.5 miles north of the city limits of Laurel, Mississippi. The land consists of a 40-acre tract in the southeast quarter of section 15 and a 4-acre tract in the western part of section 14,

township 9 north, range 11 west, in Jones County. The 4-acre tract borders on U.S. Highway 11 and joins the 40-acre tract at the southeast part thereof. This 4-acre tract constitutes appellees' only access to their 40 acres. The 9.93 acres condemned by appellant traverses the 40-acre tract from the south in a northeasterly direction, leaving 26.5 acres west of the land taken and 7.6 acres on the east side of the land taken. Appellees' home, garage, workshop, and a small barn are located on the 7.6 acres. This property was not disturbed by the taking, and they have the same access to this portion that they had prior to the taking. After the taking of the 9.93 acres, they have no access to the 26.5 acres lying on the west side of their property. The proof shows that appellees, in order to reach the 26.5 acres, will have to travel about 5½ miles north on Highway 11 to a point where they can cross the new highway and then they must come back down the west side of the highway by an access road. This road ends about 2100 feet north of their property. In order to reach their land they will have to obtain access from the landowner to the north. There is another crossing some distance south of appellees' property, but in order to reach their property by this route they would have to obtain a right of way from several landowners.

Proof shows that the property taken and the 26.5 acres are timberland with no improvements of any kind situated thereon. Insofar as the record reflects, this land has never been used for any purpose other than growing timber. The timber was last cut off the property five or six years prior to the trial of this case.

We find in this case, as we have found in far too many condemnation proceedings coming to this Court, a vast difference of opinion by the witnesses for the commission and those for the landowner as to the value of the land taken for highway purposes. It sometimes appears that the witnesses are testifying about entirely

different property. The commission offered two witnesses who gave their opinions as to the fair market value of the property prior to the taking and the fair market value of the remaining property after the taking. Appellees also introduced two witnesses who testified as to the before and after value. The values given are as follows:

| Witness | Before Taking | After Taking | Damages |
|---------|---------------|--------------|---------|
| For Commission: | | | |
| C. B. Moore | $19,275.00 | $15,350.00 | $ 3,925 |
| J. W. Morgan | 20,000.00 | 15,950.00 | 4,050 |
| For Landowners: | | | |
| Richard B. Warren | 57,552.00 | 23,240.00 | 35,212 |
| James F. Parrish | 73,846.96 | 28,355.96 | 55,591 |

It will be noted that the figures given by witness Warren actually result in a difference of $34,212, but the record reflects that the figure given above is the one he testified was the difference in the values. It may be seen readily that the difference in values testified to by witnesses for the commission and those for the landowners is so great that the testimony really does not furnish the jury with a reasonable basis on which to fix the value of the property to be taken and the resulting damages. A jury, after considering the testimony and viewing the property, must fix a value, and it is not surprising that under such testimony as we have here its verdict in many instances is grossly excessive. We do not deem it necessary to comment on the basis that these witnesses used to form their opinions as to the values given, other than to say that the witnesses for the commission placed a very low value on the property, and witnesses for the landowners placed a very high value.

When we analyze the verdict and judgment of $22,354, we find that if we consider the 26.5 acres as a total loss to appellees, which we do not, and add to that the 9.93

acres actually taken, the amount fixed by the jury is in excess of $600 per acre for cutover timberland. We do not think that a jury not influenced by bias, passion or prejudice would place such value on land of this character. ██ █ We feel in this case, as we do in all cases where a person's property is taken for public use, that he is entitled to the full value of the property actually taken and the full amount of damage that results from the taking, but in good conscience we cannot allow a verdict which we find to be grossly excessive to stand.

██ █ After carefully considering the evidence in this record, we are of the opinion that the verdict of $22,354 is so grossly excessive as to evince bias, passion and prejudice on the part of the jury, and it cannot be affirmed by this Court. Mississippi State Highway Comm'n v. Roche, 249 Miss. 792, 163 So. 2d 874 (1964); Mississippi State Highway Comm'n v. Valentine, 239 Miss. 890, 124 So. 2d 690 (1960); Mississippi State Highway Comm'n v. Stubbs, 239 Miss. 499, 124 So. 2d 281 (1960); Mississippi State Highway Comm'n v. Ellzey, 237 Miss. 345, 114 So. 2d 769 (1959).

For the reasons stated the judgment of the circuit court is reversed, and the case is remanded for a new trial on damages, unless within 15 days of this date appellees accept a remittitur of $4,854, thus reducing the award to $17,500, which we believe to be a liberal award. In the event the appellees accept the remittitur, the judgment will be affirmed as modified; otherwise it will be reversed and remanded.

Reversed and remanded unless appellees accept specified remittitur.

*Lee, C. J., and Ethridge, Gillespie and Brady, JJ.,* concur.