INZER, Justice.
Appellant, Mississippi State Highway Commission, filed a petition in the County Court of the Second Judicial District of Jones County, Mississippi, to condemn for highway purposes 10.23 acres of land owned by appellee, Mrs. Kate M. Williams. A trial was had, and after hearing the testimony and viewing the premises, the jury returned a verdict fixing appellee’s damages at $15,000. The Commission appealed to the circuit court, and the circuit court found that there was error in the admission of ■certain testimony, and reversed, unless ap-pellee would consent to a remittitur of $3,-000. Appellee refused to consent to the re-mittitur, and a new trial was had in circuit court. The jury returned a verdict for $25,-000, and a judgment was entered accordingly. A motion for a new trial was overruled, and the Commission appealed to this Court. The Commission contends on this appeal, among other things, that the jury’s verdict on which the judgment was based is so grossly excessive as to evince bias, passion and prejudice. We are in agreement with this contention.
The proof in this case shows that appellee is the owner of about fifty acres of land located on the west side of U. S. Highway 11, about one and one-half miles north of the city limits of the City of Laurel. Her land consists of two tracts, thirty acres of which are in the southwest part of the South Y2 of the Southwest of the Northwest Section 22, Township 9 North, Range 11 West, and the other twenty acres are in the northwest part of the Southwest J4 of the same section, township and range. The two tracts corner, and there is an old road that connects the tracts. The land taken for right-of-way purposes traverses the 30-acre tract from the south in a northeasterly direction, leaving 18.6 acres west of the land taken. The land taken is to be used in the construction of Interstate Highway 59. This is a non-access highway, and after the taking, appellee has no access to the 18.6 acres.
Appellee resides in her home on the 20-acre tract on the west side of Highway 11. The frame dwelling contains 1260 feet of floor space and is equipped with all modern conveniences. To the rear of the house are two small cribs of no great value, and to the north of the house was a vacant brick store building, which was formerly operated by appellee as a mercantile business. This building has been removed since these proceedings started. There is also located on this tract a lake covering about two acres. This lake is used for the purpose of irrigating the lawn and shrubs around the house and as a fish pond. None of these improvements were taken or damaged.
The proof shows that in order for ap-pellee to gain any access to the 18.6 acres west of the land taken it will be necessary for her to obtain a right-of-way from several landowners, and if such right-of-way is obtained, that she will have to travel several miles from her home to reach the prop-ert}^. There were no improvements of any kind on the land taken, or on that part without access. The land is timberland, and so far as the record shows, it has never been used for any other purpose. There was very little, if any, merchantable timber thereon at the time of taking. The timber growing on the land is pine and hardwood. There are some pine suitable for poles, and some timber suitable for pulpwood. The record is silent as to when the timber was last cut from the land. The land .taken and that without access is not level land, but consists of hills and hollows. Tallahalla Creek *156 crosses the extreme northwest corner of the land; about one acre is subject to overflow.
The Commission offered two witnesses who testified as to the fair market value of the property prior to the taking and the fair market value of the remaining property after the taking. Appellee offered only one witness who testified as to the values. The values given are as follows:

The witnesses for the Commission valued the land as cut-over timberland, and apparently did not consider, to any extent, the fact that the land is located near a growing and thriving city. The witness, Parrish, based his valuation on the property as being suitable for either residential or commercial purposes. He gave no reasonable basis to support his contention that the land is suitable for commercial purposes, and very little, if any, to support the contention that it is suitable for residential purposes, and is likely to be in demand for such purposes at any time in the near future. When we consider the testimony of Parrish in the light of the location and topography of the land, together with his inability or refusal to give any reasonable basis for his astronomical value, we do not think that his testimony gave the jury a reasonable basis upon which to fix the damage. On the other hand, we think the values given by the witnesses for the Commission are entirely too low. The circuit court jury did not view the premises, and due to the great variance in the values given, we are not surprised that the jury arrived at a verdict which we find to be grossly excessive.
When we analyze the verdict and judgment of $25,000, we find that if we consider the 18,6 acres as a total loss to the ap-pellee, which we do not, and add that to the 10.23 acres taken, the amount fixed by the jury is in excess of $675 per acre. We do not think a jury that desired to respond to reason would place such a high value on land of this character. While we feel that when a landowner’s property is taken for public use that such landowner is entitled to the full value of the property and the full amount of damage that results from the taking, we cannot, in good conscience, allow a judgment that is as grossly excessive as this one is to stand. We find that the jury in this case failed to respond to reason, and that their verdict evinces bias, passion and prejudice. Mississippi State Highway Comm’n v. Trammell, 252 Miss. 413, 174 So.2d 359 (1965); Mississippi State Highway Comm’n v. Roche, 249 Miss. 792, 163 So.2d 874 (1964); Mississippi State Highway Comm’n v. Valentine, 239 Miss. 890, 124 So.2d 690 (1960).
For the reasons stated, the judgment of the circuit court is reversed, and this case is remanded for a new trial. While the state of proof in this case makes it difficult for us to determine the amount of the re-mittitur, we have decided that it is proper for the disposition of this case to offer ap-pellee an opportunity to accept a remittitur. We do know that two juries have fixed the amount of damage for as much as $15,000, and the jury in county court had the opportunity to view the premises. Therefore, if appellee will accept a remittitur of $10,- *157 000, thus reducing the reward to $15,000, which we believe to he a liberal award, the judgment will be affirmed as modified; otherwise, it will be reversed and remanded.
Reversed and remanded unless appellee accepts specified remittitur.
ETHRIDGE, C. J., and BRADY, PATTERSON, and ROBERTSON, JJ., concur.