BRADY, Justice:
Appellant, Mississippi State Highway Commission, filed a petition to condemn for highway purposes two parcels of land containing 19.21 acres, more or less, in a special court of eminent domain of' the Second Circuit Court District of Carroll County. On September 23, 1965, in that court, R. L. Rosamond presiding, the jury returned a verdict assessing the damages occasioned by the taking of the property of appellees in the sum of $16,500. The Highway Commission appealed to the circuit court, where the judgment of the special court of eminent domain was affirmed. From that judgment in favor of John C. Calhoun, et ux., Ura Maxine Calhoun, this appeal is prosecuted. The record discloses the following relevant facts.
Mr. and Mrs. Calhoun are the owners of a hundred acre farm, more or less, located approximately four miles southwest of the town of Vaiden, in Carroll County, Mississippi. The appellant condemned 18.79 acres of appellees’ land for the right-of-way of U. S. Interstate Highway 55, and 0.42 acre for the improvement of a channel for water drainage purposes. Extending through appellees’ land, the proposed highway right-of-way proceeds in a general north to south direction so that on the west side of the right-of-way 10.3 acres are severed, and on the east side of the right-of-way 70.9 acres remain.
The record clearly reveals that the ap-pellees’ property is highly developed for row crop operation and that the appellees are now using it in the most lucrative and productive manner. One of appellant’s appraisers, T. I. Carroll, conceded that there were no sales of land which could be compared with appellees’ land. Appellees used their land for the production of cotton, corn and soy beans. The proof in this case shows that appellees’ farm is an improved farm, and appellant’s witness, Mr. Carroll, specified as to the improvements, listing Mr. Calhoun’s house, another house and a tenant house, a two car garage, an equipment shed, a barn, butane gas system, wells and various other little outhouse buildings. All of these improvements were located on the west side of the proposed highway. *866 There are no improvements on the tract of 70.9 acres east of the proposed new highway.
Appellant’s witness, Mr. Carroll, further testified that of the 70.9 acres, appel-lees had 10.54 acres in wooded and open pasture land. It is evident that the ap-pellees will not have access to the 70.9 acres of farm and pasture land except by utilizing Highway 35 at Vaiden, Mississippi. The record fails to indicate the exact distance that road is north of the 10.3 acres lying west of the proposed highway. The appellees will have to go under the new proposed Highway 55, utilizing the county road, in order to reach that portion of their land situated east of the highway, as was testified to by appellant’s witness, W. C. Briggs, Assistant District Construction Engineer. There are no improvements on the 70.9 acres east of the highway which formerly could be utilized by the appellees in conjunction with the 10.3 acres where their home and all improvements are situated west of the proposed highway. Witness Carroll for the appellant estimated the damage occasioned by the need for constructing fences to be $800 for a fence fifty-two hundred and some odd feet in length. He estimated the cost of having to construct a pond to be $200, and he valued the damage from splitting the land into two parcels to be $6,000; he estimated the value of the land taken to be $3,800, so that, together with the easement, Carroll’s estimate of the damages was $10,875.
The record further discloses that the highway proper will extend completely through appellees’ land, and that appellant will construct a fill 700 feet long which will extend through appellees’ cotton land. The fill will vary from ground level to a height of 27 feet on the north end where the road leaves appellees’ land. The width of the fill will vary, depending upon its height.
Between the two lanes carrying north and southbound traffic, there is a median which is used for drainage purposes. The record discloses also that a meandering creek on the south side of appellees’ land is going to be straightened and that this will tend to precipitate water which will flood and deposit residue on appellees’ land which also can cause erosion.
The appellant offered two witnesses who gave their opinions as to the fair market value of the land prior to the taking and the fair market value of the property remaining after the taking. Appellees offered four witnesses as to the value of the land, including the appellee, John C. Calhoun.
Witness For Appellant: Before Taking After Taking Damages
T. I. Carroll $41,500 $30,700 $10,875 (Includes $75 for 0.42 acre taken for easement.)
Sidney Branch 23,800 17,595 6,205
For Appellees: L. K. Moore, Jr. 40,915' 24,590 16,325
Odell Leonard 34,000 14,000 20,000
D. B. Sanders 33,450 15,700 17,750
John C. Calhoun 35,000 15,000 20,000
*867 All witnesses for the appellant and appel-lees used the before and after rule in reaching their estimates of the values of the land taken and the damages incident thereto. The jury viewed the premises and testimony was there taken.
After receiving instructions to which no objections were made, the jury returned a verdict in the sum of $16,500. Appellant filed a motion for a new trial, which was overruled.
There is but one issue in this cause, and that is whether or not the verdict of the jury is so grossly excessive as to evince bias, passion and prejudice. Appellant in his brief cites, in support of his contention that the verdict is so grossly excessive as to evince bias, passion and prejudice, the following five cases: Mississippi State Highway Commission v. Roche, 249 Miss. 792, 163 So.2d 874 (1964); Mississippi State Highway Commission v. Valentine, 239 Miss. 890, 124 So.2d 690 (1960) ; Mississippi State Highway Commission v. Stubbs, 239 Miss. 499, 124 So.2d 281 (1960) ; Mississippi State Highway Commission v. Ellzey, 237 Miss. 345, 114 So.2d 769 (1959) ; Mississippi State Highway Commission v. Trammell, 252 Miss. 413, 174 So.2d 359 (1965).
These same cases are cited by the appellant in Mississippi State Highway Commission v. A. J. Ferguson, et al., Miss., 190 So. 2d 455. For the identical reasons cited in the Ferguson case, these cases are distinguishable from the case at bar. The factual situation in the case at bar is quite different from the factual situation in the cases cited by the appellant, and a review of our opinion in the Ferguson case will outline the factual situation in those five cases and establish the distinctions between those cases and the case at bar. The issue in this case presents a difficulty not infrequently found in appeal cases. While the proof offered by appellant and appellees in this case could have been more detailed, the fact nevertheless remains that the appellees, who had a very fine hundred acre farm, now have lost not only the 21.9 acres condemned by the Highway Commission for its road and right-of-way, but they have also lost the use of some of the remaining cotton and farm land. It is obvious that if the appellees are to use the 70.9 acres of land, they will have to build the necessary structures and buildings on the east side of the highway, including a barn and pond. The home of ap-pellees will be separate and apart from their farm and they will be put to the expense and trouble of transporting their products to the west side of their land or building a home on the east side thereof. Their land will be damaged from water and from the washing of sand and other residue from the highway onto their farm land occasioned by the straightening of the creeks on the north and south ends of appellees’ land. Also, there will be drainage occasioned by the construction of the fill which will affect appellees’ land. If appellees are to continue to grow cotton, corn, beans and pasture crops on their land, they will have to largely do so from the east side since they will have only 10.3 acres west of the highway on which they can produce these crops.
A review of the record indicates that the witnesses for the appellees were more qualified and experienced in their fields than were the witnesses for the appellant. Ap-pellees’ witnesses gave a clearer delineation of the damages upon which their valuation was based. The witnesses for the appellant appeared to have had only limited experience in property appraisals and did not furnish as substantial reasons to support their estimates as did the witnesses for the appel-lees. The difference between the amount of damages estimated by appellant’s strongest witness, T. I. Carroll, and appellees’ witness, L. K. Moore, Jr., was only $5,450, which is relatively small in comparison with the vast differences in estimates of damages between witnesses of the litigants in eminent domain cases. Appellees’ witness, L. K. Moore, Jr., who was a professional engineer and licensed real estate salesman with considerable experience in appraisal work, estimated the damage to appellees’ *868 land to be $16,325. The jury, as it had a right to do, evidently accepted the testimony of witness L. K. Moore, Jr., because his delineated estimate of damages in the sum of $16,325 was increased in the sum of only $175 by the verdict of the jury. Appel-lees’ estimate and the estimate of their witness, Odell Leonard, of $20,000 damages was reduced $3,500 by the verdict. Appel-lees’ witness, D. B. Sanders’ estimate of $17,750 damages likewise was reduced only $1,250.
Appellant’s contention that the verdict of the jury is so excessive as to evince bias, passion and prejudice has to be predicated on the highest damages estimated by appel-lee, John C. Calhoun, and his witnesses, L. K. Moore, Jr., Odell Leonard, and D. B. Sanders. In this regard it should be remembered that although Mr. Calhoun fixed his damages at $20,000, he valued his farm before the taking at only $35,000, which was $6,500 less than the amount fixed by appellant’s staff appraiser, T. I. Carroll, of $41,500. A man’s love for his home is universal and men are prone to value highly that which they love. In addition, Mr. Calhoun also realized that the expressway to which he had no access would pass within four hundred feet of his front door and terminate his eighteen years of peaceful, uninterrupted enjoyment of that portion of his castle which remained. Nevertheless, the jury wisely realized the emotional appeal of the homestead to the appellees and modified considerably the estimate of Mr. Calhoun. The customary great disparity between the estimated damages on the part of witnesses for appellant and appellees generally reflected in other eminent domain cases is not found here.
In passing, the record indicates that the witnesses for the appellant worked together on their appraisals and to that extent reflects a collective estimate rather than their individual ones.
Taking into consideration all of the testimony of the witnesses and evidence offered in the record, coupled with the fact that the jury viewed these premises, we cannot say that the jury’s verdict is contrary to the overwhelming weight of the evidence. The general rule that the view by the jury when taken together with the substantial testimony of sworn witnesses precludes a review by this Court of the verdict being contrary to the overwhelming weight of the evidence holds true in this instance. The qualifications of the respective witnesses who testified as to the value of the land were in this cause peculiarly a question for determination by the jury, and in our opinion, the testimony offered by appellees’ witnesses afforded substantial proof to support the verdict of the jury. We cannot in good conscience say that this verdict of the jury is so excessive to evince bias, passion and prejudice, and for these reasons the judgment is affirmed. Lee v. Indian Creek Drainage Dist. No. 1, 246 Miss. 254, 148 So.2d 663 (1963); Miss. State Highway Comm’n v. Strong, 240 Miss. 756, 129 So.2d 349 (1961) ; Miss. State Highway Comm’n v. Turnipseed, 236 Miss. 764, 111 So.2d 925 (1959); Rasberry v. Calhoun County, 230 Miss. 858, 94 So.2d 612 (1957); City of Jackson v. Landrum, 217 Miss. 10, 63 So.2d 391 (1953) ; Miss. State Highway Comm’n v. Treas, 197 Miss. 670, 20 So.2d 475 (1945); Miss. State Highway Comm’n v. Hillman, 189 Miss. 850, 198 So. 565 (1940) ; Miss. State Highway Comm’n v. Williamson, 181 Miss. 399, 179 So. 736 (1938); State Highway Comm’n v. Buchanan, 175 Miss. 157, 165 So. 795, 166 So. 537 (1936).
Affirmed.
GILLESPIE, P. J., and RODGERS,
PATTERSON and SMITH, JJ., concur.