WILLIAMS, et al. *v.* HOOD.

No. 41220          October 19, 1959          114 So. 2d 854

*Cunningham & Cunningham,* Booneville; *Brown & Elledge,* Fulton, for appellant.

*W. P. Mitchell,* Tupelo, for appellee.

GILLESPIE, J.

Appellants, plaintiffs below, the surviving widow and son of Wilson Williams, deceased, sued Junior Hood, appellee, defendant below, for the alleged wrongful death of the said Wilson Williams, deceased. Hood was charged with negligent operation of his Mercury automobile which was being driven north on Highway 45 when it ran into the rear of a pickup truck operated by Wilson Williams, deceased, at a point 75 feet north of the intersection of Highway 45 and the Osburn-Wheeler Road. The jury returned a verdict for the defendant and plaintiffs appealed.

Highway 45 runs north and south and the Osburn-Wheeler Road runs east and west. Williams approached the intersection from the east, and the jury was justified in finding that he did not stop before entering the intersection, but the evidence overwhelmingly shows that Williams was driving slowly with his lights on when he entered the intersection and turned north and entered the east or northbound lane of Highway 45. After Williams had thus entered the highway and had travelled a distance of 75 feet, Hood's automobile struck the right rear of Williams' truck. The truck was knocked a distance of 44 feet where it wrapped around a tree and was destroyed. Williams was killed. Starting south of the intersection, the Hood automobile skidded with all four wheels locked a distance of 201 feet to the point of impact, and skidded an additional 213 feet after the impact. The damaged right front wheel of Hood's automobile was dragging the pavement the distance of 213 feet Hood's automobile skidded north of the impact. There was a standard intersection sign on the east side of Highway 45 located 500 feet south of the intersection. Highway 45 is on a fifteen or twenty percent incline going north, so that Hood's automobile was skidding up hill on a dry pavement. From the said intersection, one can see south on Highway 45 a distance of about one-half mile.

Hood and his passenger testified that Hood was driving about 50 to 60 miles per hour when he approached the intersection; that Williams' truck ran out of the Osburn-Wheeler Road 20 or 30 feet ahead of Hood; that Hood applied his brakes as quickly and as hard as he could; that he could not turn to the left because a vehicle was coming south, and he could not turn right because of a deep fill on that side. Hood stated that he estimated he was 20 feet from Williams' truck when he applied his brakes.

■■ ■ The question raised by this appeal is whether the verdict and judgment for defendant Hood is contrary to the overwhelming weight of the evidence.

A jury trial affords the best means of settling disputed questions of fact in cases of this kind, and the power of a court to set aside the verdict of the jury and grant a new trial on the ground that the verdict of the jury is contrary to the weight of the evidence should be exercised by the court with the utmost care. But the power and duty of the court to review the evidence and set aside the verdict of the jury on the ground that the verdict is against the overwhelming weight of the evidence is a necessary incident to the right of trial by jury. Beard v. Williams, 172 Miss. 880, 161 So. 750; Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461.

Hood cites Stewart v. Madden, (Miss.) 101 So. 2d 353, and Meo v. Miller, 227 Miss. 11, 85 So. 2d 568, but those cases do not control. A comparison of the facts in those cases with the facts in the present case is sufficient to distinguish the cited cases.

Without regard to whether Williams was negligent in entering the intersection, we are of the opinion that the physical facts overwhelmingly show that Hood was operating his automobile at a high, dangerous, and negligent rate of speed and did not have it under reasonable control, and that such negligence was a proximate cause of the fatal collision. These facts show that the Hood vehicle skidded a total distance of 414 feet upgrade on a dry pavement in addition to the slowing effect of the impact with the truck. Williams had entered the intersection, made the turn into the northbound lane of Highway 45, and travelled 75 feet before he was struck in the rear. The force of the impact was undoubtedly great, as evidence by the fact that the truck was knocked forward and to the right a distance of 44 feet and "wrapped around a tree" east of the highway. The version told by Hood and his passenger witness

is wholly inconsistent with the physical facts. ██ █
The right to trial by jury includes the right of both
parties to a trial by a jury that will respond to reason.
██ █ We are firmly of the opinion that the jury in this
case did not respond to reason, and that the verdict
exonerating Hood was the result of bias, passion, or
prejudice.

Accordingly the case is reversed for a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Arrington, JJ.,*
concur.