Mississippi State Highway Commission *v.* Taylor, et al.

No. 41429 January 4, 1960 116 So. 2d 757

*Welch, Gibbes & Graves, Boyd & Holifield, Donald G. Kruger,* Laurel, for appellant.

*E. K. Collins,* Laurel; *Cecil G. Johnson,* Ellisville, for appellees.

ETHRIDGE, J.

This is an eminent domain suit, brought by appellant, Mississippi State Highway Commission, in the County Court of the First Judicial District of Jones County, against appellees, Mrs. Taylor, her husband, and beneficiary and trustee in the deed of trust. The jury awarded damages for the taking in the amount of $40,000. The County Court's judgment based on that verdict was affirmed by the Circuit Court. We conclude that the judgment must be reversed and the case remanded, because of the grossly excessive amount of the award, and material errors by the trial court in excluding evidence offered by petitioner as to the purchase price the present owners paid for the property four and one-half years prior to the trial.

Appellees own a 124-acre farm in Jones County, approximately two and one-half miles southwest of Ellisville. The land is bisected by State Highway 590, a black-

top, paved road, which runs in a northeast and southwest direction. Appellees' home is a brick veneer structure, over twenty years old, consisting of five rooms, bath, hallway and front porch, and containing approximately 1,200 square feet. It presently faces west upon Highway 590, being about 59 feet from that highway.

The Commission seeks to condemn through appellees' property a parcel of land containing 21.69 acres, for the construction of a limited access, U. S. Highway 11. The condemned parcel runs northeast and southwest, and is approximately 300 feet in width, except in its northern part it is considerably in excess of that amount. In that area the construction plans call for the building of an interchange, and for a bridge upon which State Highway 590 will cross over new Highway 11. That part of Highway 590 in front of appellees' home will continue substantially as presently constructed. The outside boundary of the new right of way will come within 34.5 feet of the back or east side of the home. The construction plans reflect the Commission will in this area have a "cut" or downgrade for the new highway, and the graded part will not be closer than seventy feet to the outside right of way boundary. So, in fact, the traversed part of the new highway will not be as close to the back of appellees' home as is present Highway 590 to the front of their residence.

Appellees will continue to have access to their dwelling from Highway 590. The strip being taken crosses in part over the right of way of present Highway 590 in the northern portion, and bisects appellees' land. About seventy acres is in pasture, and most of the balance in timber and two stock ponds. The tract condemned by appellant takes about one-third of one of the two stock ponds. Improvements on the condemned tract consist of a small tenant house over twenty years of age, a storage-utility house, an electric pump and well-house, a loading chute for cattle, and, as stated, about one-third

of one of the stock ponds. Appellees' barn is not taken, and access to it from Highway 590 essentially is not affected, although the condemned tract will prohibit access to the barn across the present fields from the dwelling.

There were two appraisers who testified for petitioner. One estimated the before-taking value at $24,000; the after-taking value at $13,000; and the damages $11,000. The other gave a before-taking value of $23,500; after-taking value, $12,000; and damages $11,500.

One of the two appraisers who testified for appellees gave a before-taking value of $66,900; after-taking value, $20,100; damages, $46,800. Appellees' other appraiser gave a before-taking value of $77,977; an after-taking value of $28,041; and damages of $50,936.

 After a careful consideration of the record, we have concluded that the verdict of the jury awarding to appellees damages of $40,000 for the taking of 21.69 acres is so grossly excessive as to be wholly unreasonable and to evince bias, passion and prejudice by the jury. The condemned strip traverses pasture land used in part for the twenty-six head of cattle appellees maintain on the premises. They also have some hogs. The only improvements taken are the small tenant house, storage house, electric pump and well-house, loading chute and one-third of one of the two stock ponds. Neither the barn nor the house is taken. Appellees' remaining land after the taking will have about sixty seven acres on the east side of the new highway and thirty four acres on the north and west side. The topography of the land is partly hilly and partly low in areas. One of the appraisers for appellees gave the value of this property as averaging between $340 and $350 an acre, but stated that the part along the state highway was worth $1,500 an acre for homesites. The other appraiser who testified for appellees was even more generous in his estimates. However, neither of these witnesses were

able to cite any sales of comparable property in the same vicinity to support their conclusions. Mississippi State Highway Commission v. Daniels, 108 So. 2d 854, (Miss. 1959). Moreover, the valuations placed on this property before and after taking, and the conclusions of these two witnesses as to the damages, are so wholly unreasonable in the light of the undisputed facts in the record that we are impelled to say that the verdict of $40,000 is not maintainable, and is so grossly excessive as to evince bias, passion and prejudice by the jury. Mississippi State Highway Commission v. Rogers, 112 So. 2d 250. (Miss. 1959); No. 41,321, Mississippi State Highway Commission v. Ellzey, decided October 12, 1959. No reasonable man in an impartial and objective search for truth could find damages in that amount in this case.

Appellant argues that the trial court erred in refusing to exclude the testimony of the two witnesses for appellees who testified as to damages, on the ground that they were not qualified to make competent appraisals. However, appellant made no objection to the competency of these witnesses until the end of the trial. The question of their competency as expert witnesses should have been raised by appellant at the beginning of their testimony. So there is no merit in this particular assignment of error. Mississippi State Highway Commission v. Ellzey, *supra;* Mississippi State Highway Commission v. Rogers, *supra.*

Another error by the trial court, which alone would require reversal of this case, was the refusal to permit appellant to show the purchase price which appellees paid for this property about four and one-half years before the trial. Appellant offered Mrs. Taylor as an adverse witness, and asked her what she paid for the property which she purchased in 1954. The trial was in 1958. The trial court sustained an objection to this ques-

tion. The trial court also refused to permit appellant to introduce into the record the deed to Mrs. Taylor.

Another and separate material error in this respect was the trial court's refusal even to permit appellant to make a record in the absence of a jury as to what Mrs. Taylor paid for this property. Clearly appellant had the right, in the absence of the jury, to state into the record what it proposed to show by the offered evidence. Mississippi Central Railroad Co. v. Robinson, 106 Miss. 896, 64 So. 838 (1913); Lizana v. Edward Motor Sales Co., 163 Miss. 266, 141 So. 295 (1932); G. M. and N. Railroad Co. v. Willis, 171 Miss. 732, 157 So. 899 (1934); 3 Am. Jur., Appeal and Error, Sec. 354.

In eminent domain, evidence of the price paid for condemned real property in a sale prior to the proceeding in which condemnation is sought, and particularly evidence as to the purchase price paid by the condemnee, is generally admissible in such proceeding, at least where the sale is voluntary, is not too remote in point of time, or is otherwise shown to have no probative value. Anno., 55 A. L. R. 2d 791, (1957); 18 Am. Jur., Eminent Domain, Sec. 351; 29 C. J. S., Eminent Domain, Sec. 273, page 1267; 5 Nichols, Eminent Domain, 3d Ed. (1952), Sec. 21.2; Gowan v. State Highway Commission, 193 Miss. 365, 9 So. 2d 637 (1942); see also Gulf Refining Co. v. Davis, 224 Miss. 464, 80 So. 2d 467 (1955). The record reflects the offered evidence would have been of considerable probative value and not remote in point of time. Appellees offered evidence of the increase in land values in the area for the intervening years, and offered some ambiguous evidence as to value of improvements placed on the land since they purchased it in 1954. Evidence as to what they paid for it when they bought it only four and one-half years earlier would and should have been of probative value on the issue of before-taking value. And in that connection, the jury could properly

have considered also the intervening increase in economic values and the value of improvements made by appellees subsequent to their purchase.

A price paid under such a circumstance is a factor which a prospective purchaser would consider, and as evidence before a jury it consumes little time in introduction and raises few collateral issues. So "every argument is in favor of its admissibility." 5 Nichols, Sec. 21.2. Of course such evidence is not conclusive, but is merly one element of evidence to be considered by the jury. And it is subject to the explanations which the owner may give of the reasons which enabled him to make a purchase at such a figure. Clearly the trial court erred in excluding this evidence of the purchase price paid by appellees. ▮▮ It also erred in refusing to permit appellant to make a record as to what it proposed to show by the offered evidence on this issue.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington,* and *Gillespie, JJ.,* concur.