Mississippi State Highway Commission *v.* Pittman, et al.

No. 41361          January 18, 1960          117 So. 2d 197

*McFarland & McFarland,* Bay Springs, for appellant.

*Sidney T. Roebuck,* Newton; *Ethridge, Minniece & Bourdeaux,* Meridian, for appellees.

HALL, J.

This is an eminent domain proceeding wherein the Highway Commission is taking approximately five acres of land from the southeast corner of appellee's property for a non-access highway from a forty-acre tract on which in the opposite corner is situated a dwelling house and barn of the appellee. There are no structures on the part taken and the appellee has access to and from his residence and other property by a county road that runs along the west side and the proposed highway does not interfere with the access to appellee's property. He has approximately fifteen to seventeen acres in cultivation and what the appellant is taking is pasture land which is considered unimproved. The part condemned does not include the oil, gas and mineral rights. According to the proof for the Highway Commission, two witnesses placed the difference in value before and after the taking at $1,000 and $900, respectively.

One witness for the defendant placed the difference in value before and after the taking at $5,250 and another witness placed the difference in value before and after the taking of $5,587.50, but we cannot ignore the fact that these two witnesses have been testifying to enormous values in prior eminent domain suits.

This case was originally tried in the county court and there the jury rendered a verdict for $3,821. On appeal to the circuit court, the circuit judge held that the amount awarded for the five acres taken was grossly excessive and ordered a remittitur of $1,000, which remittitur was promptly accepted by the defendant, reducing

the recovery to $2,821, for which amount judgment was finally entered in the circuit court. The land here in question is situated in a rural area of Jones County.

The principal point raised by the appellant is that the judgment for $2,821 is still grossly excessive and we are of the opinion that the price of over $550 per acre for the land taken, in view of its location in a rural area, is still so grossly excessive as to shock the enlightened conscience and that the judgment of the circuit court should be reversed and the cause remanded unless the appellee will enter a further remittitur of $1,000 so as to reduce his recovery to $1,821, which we believe will still fully compensate the appellee for approximately five acres of land taken.

It is therefore hereby ordered that the judgment of the lower court be and the same is hereby reversed and the cause remanded unless the appellee will enter a further remittitur of $1,000, thereby reducing the recovery to $1,821, which we believe and are thoroughly convinced from the record will fully compensate the appellee for the small area of land taken.

Affirmed with remittitur, or reversed and remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.