MISSISSIPPI STATE HIGHWAY CMMISSION *v.* STRONG et al.

No. 41770 April 17, 1961 129 So. 2d 349

*Dent, Ward, Martin & Terry,* Vicksburg; *Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

*Vollor & Thames,* Vicksburg, for appellee.

RODGERS, J.

The Mississippi State Highway Commission filed its petition in the County Court of Warren County against Mr. Richard Strong and his wife Mary Jo, in which the condemnation of 19.56 acres of land belonging to Richard Strong is sought for highway purposes. Mrs. Strong filed a disclaimer, in which she affirms that she has no interest in the land sought to be taken. The case was tried before a jury and resulted in a verdict for the landowner in the sum of $14,470. The Circuit Judge affirmed the judgment of the county court, and the Highway Commission has appealed to this Court.

The property sought to be condemned by the Mississippi State Highway Commission is located three or four miles east of Vicksburg, Mississippi, and is on the north side of the present U. S. Highway 80. The land sought to be taken runs in an easterly and westerly direction

across the north end of Mr. Strong's lot of land. It is being taken for highway purposes, and for a rest area to be used as a part of the limited access Interstate Highway System. The landowner will not be given direct access to the new highway from his property. The strip of land sought to be taken is 228.1 feet wide along the west side of Mr. Strong's land and is 639 feet wide on the east side, and is 1700 feet long, and contains 19.26 acres of land in area.

The appellant Mississippi State Highway Commission complains that the trial court committed reversible error by allowing (1) certain testimony to be introduced over the objection of the appellant, (2) granted an erroneous instruction at the request of the appellee, (3) refused an instruction presented for the appellant, (4) that the verdict of the jury was so excessive as to evince passion and prejudice on the part of the jury, and appellant's motion for a new trial should have been sustained.

The appellant's right of way agent, Mr. Shelby Drummond, testified as to the location, grade, area, and contour of the property sought to be taken. He testified that certain fences located on the land would be taken, but denied that the lakes would be damaged. He was not permitted to testify that a lake located on this property was used in connection with the landowner's tourist court business, which was located on his wife's land adjacent to the property sought to be taken. He admitted to the jury that the landowner would not have direct access to the new road. Mr. Frank Lacy, appellant's district engineer, testified among other things that the ponds on the property of the landowner would not be damaged. He said: "It won't hurt his lake", "None of the water will drain toward the lake". Mr. Sam Kliesdorf, a resident of Vicksburg, is a real-estate appraiser. He was offered as an experienced appraiser and an expert witness. He gave a resume of the items used in his overall valuation as being: 22 acres of woodland, 35.6 acres of open land,

and 8 acres of front land. He said there was no houses on the property; that there was a fence and some ponds. He valued the 2035 feet of fence at $818.00; the pond at $4,300.00; a well made necessary because of loss of surface drainage, at $750.00. He said part of the land was worth $250.00 per acre, and part of the land was worth $150.00. This witness then gave his estimate and appraisal of the whole tract of land before the taking to be $32,500.00 and the value after the taking to be $27,508.00, or a damage to the whole property of $4,992.00.

The landowner introduced certain witnesses to contradict the valuation of the items used by the appellant's witness in making up his overall valuation before and after taking. A Mr. Vance, who was a contractor of long experience and who constructed the large lake in 1947, was introduced, but he was not permitted to testify about the cost of construction, evidently upon the ground that it was too remote to prove present value. He was then asked the present value, and replied "I don't know the value of the lake. I know approximately what it would cost to build a lake today." The question was then asked: "What would it cost to build that lake as it is today?" - to which the witness answered "About $9,-500.00." The appellant's objection to this evidence is: "Such testimony should not have been admitted as there was no proof that the lake would be destroyed or that it would have to be rebuilt." We do not believe this testimony could have misled the jury; because it was apparent that the landowner was attempting to prove by Mr. Vance the before taking overall value of the lake, not for the purpose of rebuilding it, but to show that it was obviously worth more than the $4,300.00 the highway appraiser used as his item in calculating his overall value. Evidence was also introduced from which the jury could have believed this valuable item would be damaged by the construction of the highway.

· The Mississippi State Highway Commission also complains that Mr. Strong, the landowner, should not have been permitted to testify what a 4 inch well cost dug on the property of his wife; because it was said the highway department calculated he should be permitted damage for the loss of surface drainage to the extent and size of a 2 inch well. The appellant would be right if it were true that the landowner was bound by the calculation of the appellant as to the size of the well needed, but we do not believe that the jury was misled by this testimony, they went upon the ground and saw for themselves the apparent need for a well. 18 Am. Jur., Eminent Domain, Sec. 355, p. 999. If this were error, it was harmless.

▉▉▉ The appellant complains that Mr. Hall, a realtor of Lauderdale County, was permitted, after being qualified, to testify that the land, as a whole, "was worth $350.00 per acre disregarding the pond". This is in contradiction of the item used by the Mississippi State Highway Department's expert witness that some of the land was worth $250.00 per acre and some worth $150.00 per acre. We see no error in defendant landowner being permitted to contradict this item of value used by the witness for the appellant in reaching his overall value of the property. The witnesses introduced to prove the value of the property are sometimes called expert witnesses, but this is a misnomer, for no peculiar ability or specialized training is required to testify as to the market value of property. It is expressed by the text writer in 18 Am. Jur., Eminent Domain, Sec. 355, p. 1000, as follows: "It is, of course, proper to determine the qualifications of such witnesses before their testimony as to value is received. It will not be presumed that a witness is competent to give an opinion, but it must be shown that he has some peculiar means of forming an intelligent, correct judgment as to the value of the property in question or the effect upon it by a particular im-

provement, beyond what is possessed by men generally. It is apparent that the opinion of a witness should not be admitted where it appears that his opportunity for knowledge concerning the land was slight or that his knowledge was remote in point of time.'' The witness must be acquainted with the property sought to be taken before such witness can give his opinion as to the ''fair market value of property''. Board of Levee Comm'rs. for Yazoo-Mississippi Delta v. Dillard, et al, 76 Miss. 641, 25 So. 292. Miss. State Highway Dept. v. Peterson, ante; Miss. State Highway Comm. v. Taylor, 237 Miss. 847, 116 So. 2d 757. As pointed out in Orgel on Valuation Under Eminent Domain, Section 132, p. 566, footnote 44: ''City of Chicago v. City Ry. Co., 309 Ill. 488, 141 N. E. 141, * * * Real estate dealers and brokers are, however, likely to have greater familiarity with land values, and they constitute perhaps the larger part of the class of value witnesses.''

 Our Court has adopted the difference between the ''fair market value of the whole property immediately before the taking and the fair market value of the whole property immediately after the taking, without considering general benefits or injuries resulting from use * * for which the land taken is to be put, that are shared by the general public'' rule, - in cases where a part of the property is taken, rather than the ''fair market value of the property taken plus the damage to the owner'' rule, - as is used in some states. Orgel on Valuation Under Eminent Domain, Vol. 1, Sec. 12, p. 73. Miss. State Highway Comm. v. Hillman, 189 Miss. 850, 198 So. 565; Miss. State Highway Comm. v. Smith, 202 Miss. 488, 32 So. 2d 268; Miss. State Highway Comm. v. Wheeler, 212 Miss. 606, 55 So. 2d 225; Miss. State Highway Comm. v. Peterson, 238 Miss. 63, 117 So. 2d 452.

The Court pointed out in the Hillman case, supra, that there are other elements that may enter into the before and after value rule, nevertheless evidence of such items

of injury is competent, where such items would affect the value of the remaining land. It was said the value of trees does not constitute a separate item of damages to the owner, but it was for the consideration of the jury only in arriving at the value of the land on which they were located. In the case of Miss. State Highway Comm. v. Treas, 197 Miss. 670, 20 So. 2d 475, this Court said: "Evidence was offered of specific injuries to the remaining land, such as the cost of rebuilding and removing barns, a silo, digging new pools, constructing three miles of fence along the new highway, etc., all of which would result, according to appellee, from the construction of the road as located. * * * Appellee was careful to connect these specific items of cost with, and have the witnesses consider them only as bearing upon, such market-value. The testimony was brought within the foregoing rule * * *''. In the case of Miss. State Highway Comm. v. Peterson, supra, the Court pointed out that the expert witnesses for the Miss. State Highway Commission did not take into consideration the well and shade trees, and although the case was reversed for excessive damages, the court pointed out that these were items of value. In the case of Miss. State Highway Comm. v. Daniels, 235 Miss. 185, 108 So. 2d 854, the Court said: "The requirement of the law that witnesses qualify their estimates of damages under the before and after rule is made clear in Miss. State Highway Comm. v. Burwell, 206 Miss. 490, 39 So. 2d 497, 40 So. 2d 263." The "before and after" rule, however, does not mean that each witness must give a before and after valuation of the property; because some witnesses may know the fair market value of the property before the taking, and not know the fair market value of the property after the taking, and vice versa. Again a witness may not know the overall valuation of the property before and after the taking, but may know, for example the value of a fence, used by the witnesses for the condemnor as an item in making up his overall

valuation. This witness may be used to show that the valuation placed upon the whole property was wrong in the amount of the fair valuation of the fence. See Miss. State Highway Comm. v. Rogers, No. 41,708, decided by this Court on March 20, 1961, not yet reported.

The testimony introduced by the landowner in this case which tended to contradict the witness introduced by the Mississippi State Highway department as to the items used in their estimate of the overall valuation of the property, was admissible.

██ ██ The appellant complains that the landowner was permitted to testify about the before taking and after taking value of his property, and also his reason for believing that his pond would be ruined. His testimony was offered to contradict the appellant's witness who testified that his lake would not be damaged. Moreover, a landowner can testify as to the value of his property under the before and after taking rule. See Orgel on Valuation Under Eminent Domain, Vol. 1, p. 567, Note 46.

██ ██ The appellant requested an instruction with reference to the lands of Mary Jo Strong, the wife of appellee, and this instruction was properly refused, because the lands of Mrs. Mary Jo Strong had been eliminated from the case and the court had sustained an objection to testimony offered by the appellee with reference to the land of Mrs. Strong. The appellant cites the case of State Highway Comm. v. Peterson, supra, in which the Court held that the fact that other families used the water from the well of Mr. Peterson was not an item of damage to Mr. Peterson. The Peterson case is not analogous to the case at bar because Mr. Strong is running a business on the lands of Mrs. Strong and is using the lake on the lands here sought to be condemned, as a source of water for his tourist court business.

The appellant also complains that two instructions granted to the landowner inject the question of damages to the land of Mrs. Strong, but these instructions do not

mention any land except the land here in litigation and were properly granted.

██ ██ Finally, the State Highway Commission complains that the verdict in this case is unreasonably high, and not in accordance with the evidence, and that the case should be reversed and remittitur ordered. The rule on the question of damages in condemnation proceedings in Mississippi is set out in the case of Miss. State Highway Comm. v. Taylor, 237 Miss. 847, 116 So. 2d 757, where the Court pointed out that a verdict is not maintainable when it is so grossly excessive as to evince bias, passion and prejudice by the jury. In this case, however, we are convinced from the record that the landowner would be damaged considerably more than the estimate of damages offered by the witnesses for the Mississippi State Highway Commission, and although the members of this Court would possibly have returned a verdict of a less sum, the jury is the judge of the weight and worth of the testimony, and of the damages to the landowner. The jury went upon the land. They saw the fence, the ponds, topography, and the need for a well, and this Court is not convinced that the verdict of the jury was so excessive as to evince bias, passion and prejudice on the part of the jury. The judgment of the circuit court affirming the judgment of the county court will therefore be affirmed.

Affirmed.

*Lee, P. J., Gillespie, McElroy,* and *Jones, JJ.,* concur.