Mississippi State Highway Commission *v.* Slade et ux.

No. 41933      October 2, 1961      133 So. 2d 282

October 23, 1961                                        133 So. d 896

*Jesse W. Shanks,* Purvis, for appellant.

*William E. Andrews, Jr.,* Purvis; *Edward J. Currie, Sr. & Jr.,* Hattiesburg, for appellees.

McElroy, J.

This is an eminent domain proceeding wherein the Mississippi State Highway Commission is the petitioner

and appellant and Manuel Slade and his wife are the defendants and appellees.

This case originated in an eminent domain court of Lamar County, Miss. A verdict and judgment were therein rendered of $8,000 to the appellees. The case was tried de novo in the Circuit Court of Lamar County, and a verdict and judgment were rendered in favor of the appellees in the sum of $12,000. From that, the Mississippi State Highway Commission has prosecuted an appeal to this Court.

The Commission ordered the construction of a new interstate highway, No. 59, which when constructed will be a four-lane interstate highway with access to the highway being limited to certain designated inter-change points.

The appellees are the owners of a 20 acre tract of land, with approximately 15 acres devoted to truck land, and the balance of which is woodland and residential property. The land is located some 5 or 6 miles south of the Town of Purvis in Lamar County, Mississippi, on or adjacent to "Old Highway No. 11" or "Old Jackson Highway", and lies almost half way between the Towns of Purvis and Lumberton. Improvements on said tract of land consist of a seven room farm house with bath, a tool house, a small chicken house, a potato house and a barn. All of said land is under fence except approximately 1½ acres which lies east of "Old Highway No. 11". The Highway Commission has condemned and acquired 5.36 acres from the entire tract of land owned by the appellees, leaving 2.02 acres west of the proposed Interstate Highway No. 59 and approximately 12.62 acres east of the proposed Interstate Highway No. 59. The improvements above mentioned are not taken and will be on the east portion of the land comprising 12.62 acres. The appellees will have no access to the new highway except from interchanges some 5 or 6 miles from the property here in question. After the highway is constructed the appellees will have the same access to their property

lying east of the new highway, but access to the west 2.02 acres can only be had by using one of the two interchanges 5 or 6 miles from the Slade property. From all intents and purposes that tract of 2.02 acres lying west of the new highway will have very little market value after the taking. This truck farm consisting of 15 acres was highly improved land.

The main point in question before the Court is that the verdict of the jury is excessive and is not based on credible evidence, and the verdict is shocking to the enlightened conscience and was the product of bias and prejudice or sympathy.

Three witnesses testified on behalf of the Commission and three on behalf of the appellees. Two of the Commission's witnesses were men of experience and duly licensed real estate agents. Witness J. W. Morgan, an appraiser for the Highway Commission, was a graduate of Mississippi State University in agriculture and education and had taught agriculture in high school and instructed veterans for 5 years on farm training. He had been on the Slade property five or six times in preparing an appraisal of the property for the Highway Commission.

One of the witnesses for the appellees, Ben Courtney, was a licensed real estate dealer but had not dealt in real estate for several years. E. O. Hart, Sr., another witness, was a licensed real estate dealer, and Mr. Slade testified in his own behalf as to the value of the property. A summary of testimony as to the before and after taking fair market value of the property with resulting damages is as follows:

| Appellant's Witnesses | Fair Market Value Before Taking | Fair Market Value After Taking | Damages |
|---|---|---|---|
| J. Ed Turner | $13,200.00 | $ 7,100.00 | $ 6,100.00 |
| J. W. Morgan | 13,500.00 | 7,990.00 | 5,510.00 |
| B. J. Beard | 14,080.00 | 8,314.00 | 5,766.00 |

Appellees'
Witnesses

| | | | |
|---|---|---|---|
| Ben Courtney | 27,235.00 | 15,235.00 | 12,000.00 |
| O. E. Hart, Sr. | 26,000.00 | 13,000.00 | 13,000.00 |
| Manuel Slade | 25,000.00 | 12,500.00 | 12,500.00 |

It will be seen that the appellant's witnesses estimated the damages about $6,000 each. Appellees' witnesses estimated the damages about $12,500. Neither of the appellees' witnesses could give any comparable sales of reasonably comparable property in the area to support their appraisal, yet they appraised the damages at twice the amount given by the apellant's witnesses. All the jury could go by was the estimated values of the property before the taking and after the taking based on their opinions as to the value. It was held in Miss. State Highway Com. v. Valentine, 239 Miss. 890, 124 So. 2d 690, as follows:

"The witnesses for the Commission were qualified and experienced appraisers, and gave a reasoned analysis of the basis of their valuations. On the other hand, the witnesses for appellees had relatively little experience in property appraisals, and failed to give any substantial reasons to support their extremely high estimates of the value of this 138-acre cattle farm before the taking, or of the damages. For example, after a lengthy cross-examination, Blackledge was asked how he reached the figure of $70,000. He said: 'Due to the location and type of soil and its value, and the improvements, that is what I guessed it is worth.' Both he and Carter mentioned the size and the good soil, the condition of the land and pasture, its location to towns, schools and roads and the reduction in size of the farm as an operating unit, the difference between a profitable and unprofitable operation. However, the test is the fair market value of the land before and after the taking, and does not include the highly speculative and uncertain profits which may

be derived from a business. Mississippi State Highway Commission v. Rogers, 1959, 236 Miss. 800, 112 So. 2d 250; Mississippi State Highway Commission v. Ellzey, 1959, 237 Miss. 345, 114 So. 2d 769. Neither of appellees' witnesses could give any comparable sales of reasonably comparable property in the area to support their appraisals . . . .

"The gross excessiveness of these figures and the jury's verdict becomes particularly apparent when it is noted that no improvements whatever are taken, except some undescribed fences; and appellees' witnesses could give no comparable sales to support their appraisals.

"Appellees' brief makes only an indefinite argument in support of the amount of the verdict. It is that Miss. Constitution, Sec. 31 provides the right of trial by jury shall remain inviolate. However, Secs. 144-177 of the Constitution vest the judicial power of the state in this Court and the trial courts. It is well established that judicial review of the adequacy of evidence to support a verdict is a necessary incident to the right of trial by jury. Williams v. Hood, 1959, 237 Miss. 355, 114 So. 2d 854; Yazoo and M. V. R. Co. v. Scott, 1914, 108 Miss. 871, 897, 67 So. 491, L.R.A. 1915E, 239; Faulkner v. Middleton, 1939, 186 Miss. 355, 365-366, 188 So. 565, 190 So. 910. It is the duty of this Court to determine whether there is any reasonable, believable evidence which will support the verdict in this case. A proper exercise of the judicial function does not require us to believe the incredible. Appellees' witnesses are competent to testify, but because of the extreme, unreasonable, and unsupported valuations which they placed on the land, as analyzed above, their testimony has little probative value. Mississippi State Highway Commission v. Stubbs, Miss., 124 So. 2d 281; McDuffie v. Mississippi State Highway Commission, Miss., 124 So. 2d 284.

"After a careful consideration of this record, we hold that the verdict of $28,500 is so grossly excessive as to evince bias, passion and prejudice by the jury, and cannot

be affirmed by this Court. Mississippi State Highway Commission v. Rogers, supra; Mississippi State Highway Commission v. Ellzey, supra; Mississippi State Highway Commission v. Taylor, 1959, 237 Miss. 847, 116 So. 2d 757; Mississippi State Highway Commission v. Pittman, 1960, 238 Miss. 402, 117 So. 2d 197. As was said in Taylor (237 Miss. 847, 116 So. 2d 759): 'No reasonable man in an impartial and objective search for truth could find damages in that amount in this case.' "

In Mississippi State Highway Commission v. Taylor, 237 Miss. 847, 116 So. 2d 757, 759, it was said:

"After a careful consideration of the record, we have concluded that the verdict of the jury awarding to appellees damages of $40,000 for the taking of 21.69 acres is so grossly excessive as to be wholly unreasonable and to evince bias, passion and prejudice by the jury. The condemned strip traverses pasture land used in part for the twenty-six head of cattle appellees maintain on the premises. They also have some hogs. The only improvements taken are the small tenant house, storage house, electric pump and well-house, loading chute and one-third of one of the two stock ponds . . . . Moreover, the valuations placed on this property before and after taking, and the conclusions of these two witnesses as to the damages, are so wholly unreasonable in the light of the undisputed facts in the record that we are impelled to say that the verdict of $40,000 is not maintainable, and is so grossly excessive as to evince bias, passion and prejudice by the jury. Mississippi State Highway Commission v. Rogers, Miss. 1959, 112 So. 2d 250; Mississippi State Highway Commission v. Ellzey, Miss. 1959, 114 So. 2d 769. No reasonable man in an impartial and objective search for truth could find damages in that amount in this case."

After a careful consideration of this record, we hold that the verdict of $12,000 is so grossly excessive as to evince bias, passion and prejudice on the part of the jury and cannot be affirmed by this Court. The judgment of the circuit court is reversed and the cause is remanded

for a new trial on damages, unless within ten days from this date appellees enter a remittitur of $2,000, thus reducing the award to the aggregate sum of $10,000; in the event appellees accept such remittitur, the judgment will be affirmed as modified. Costs will be assessed against appellant. Miss. Code 1942, Rec., Sec. 2767.

Reversed and remanded, unless appellees accept specified remittitur; in that event affirmed with remittitur.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Rogers, JJ.,* concur.

### ON MOTION TO CORRECT JUDGMENT.

■■ This motion is controlled by the opinion in the case of Mississippi State Highway Commission v. Sherlock J. Herring, et ux, No. 41,934, this day rendered.

The motion to correct judgment is therefore sustained so as to assess 6% interest on $10,000 from and after July 6, 1960, the date of the original eminent domain judgment, until paid, and the cost will be assessed against appellant, but no damage will be allowed either on appeal to the circuit or this Court.

Motion sustained.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.