MISSISSIPPI STATE HIGHWAY COMMISSION *v.* DAVIS, et al.

No. 43020 May 4, 1964 163 So. 2d 729

644

*Joe T. Patterson,* Atty. Gen., Jackson; *Tate Thigpen, G. B. Keaton,* Picayune, for appellant.

*Williams* & *Williams*, Poplarville, for appellees.

646

MᴄEʟʀᴏʏ, J.

This is an eminent domain proceeding wherein the Mississippi State Highway Commission is the petitioner and appellant, and Mrs. Mattie Lee Roche Davis et al. are defendants and appellees. It originated in an eminent domain court of Pearl River County, Mississippi, where a verdict and judgment for $12,500 were rendered for appellees. The case was tried de novo in the Circuit Court of Pearl River County, and a verdict and judgment for $20,000 were rendered in favor of appellees. From that verdict and judgment the Mississippi State Highway Commission has prosecuted an appeal to this Court.

The commission ordered the construction of new Interstate Highway No. 59, which when constructed will be a four-lane highway with access limited to designated interchange points. The appellees are owners of 45.72 acres, of which the highway right-of-way takes 5.83 acres, leaving 13.53 acres north of the highway and 26.36 acres southeast of the highway. The land taken consists

of fairly good bottom land and pasture, which was used for a dairy. The home and all buildings lie on the southeast side of the highway, and the land on the northwest, which is more or less cut off from the home and buildings, consists of open pasture. The improvements on the southeast side consist of a dwelling, an old dairy barn now used for an auto repair shop, a large hay barn, and fencing along the gravel road. The property is located two or three miles east of the Village of Carriere, Mississippi, and has not been used as a farm for quite some time. The house, concrete block with a composition roof, has seven rooms finished inside with painted sheetrock. It has running cold and hot water, electricity, and a telephone. Other buildings on the property are a dairy barn; a stock barn with a hayloft and tractor shed on the side and a corncrib built into that; a frame building with concrete flooring, troughs, five stanchions, feed room, and a milk room with hot and cold running water for cooling milk. The entire property was fenced with net wire with a barbed wire on top, and there were three cross fences, two net wire with barbed wire on top, and one barbed wire. There is a stock pond that never goes dry. All of the land except four or five acres is improved pasture, consisting of white dutch clover and vetch for winter pasture, and lespedeza, bermuda and deep bahia grass for summar pasture. From the proof, the land is level, Orangeburg soil, and is far better than average for Pearl River County. It was being operated, as stated, as a dairy farm at the time appellant surveyed the highway across appellees' property. The above-mentioned improvements are not taken, and will be on the southern 26.36 acres. After the highway is constructed the appellees will have the same access to their property south of the highway, but access to the north will be about eight miles.

The first question before the Court is whether the lower court erred in refusing to grant motions to ex-

clude testimony of Ott A. Davis, Ferrie E. Tate, C. C. Barefoot, and E. F. Loe. These same witnesses testified in the case of Mississippi State Highway Commission v. Mitchell, from Pearl River County, 154 So. 2d 280 (Miss. 1963), and the Court affirmed that case, thereby affirming these witnesses were qualified to testify in that case. Therefore they would be qualified to testify in this case, and we hold they are competent witnesses.

The second point in question is whether the lower court erred in overruling a motion for a new trial, for these reasons: there was no evidence of any kind to support the verdict of the jury; the verdict is against the great weight of the evidence and not supported by a preponderance of the testimony; and the verdict is so excessive as to denote such bias and prejudice as to shock the enlightened conscience. Four witnesses testified on behalf of the commission, and four on behalf of appellees.

The testimony about the before and after taking fair market value of the property, with resulting damages, was as follows:

### APPELLANT'S WITNESSES

| Name | Before Value | After Value | Damages |
| --- | --- | --- | --- |
| J. W. Morgan | $17,500.00 | $14,600.00 | $2,900.00 |
| C. B. Moore | $19,440.00 | $16,928.00 | $2,512.00 |
| E. O. Robinson | $12,500.00 | $ 8,900.00 | $3,600.00 |
| F. L. Arbogast | $21,970.00 | $18,435.00 | $3,545.00 |

### APPELLEE'S WITNESSES

| Name | Before Value | After Value | Damages |
| --- | --- | --- | --- |
| O. A. Davis | $35,800.00 | $24,700.00 | $11,100.00 |
| C. C. Barefoot | $38,800.00 | $23,772.00 | $15,028.00 |
| F. E. Tate | $39,400.00 | $26,131.50 | $13,268.00 |
| E. F. Loe | $27,600.00 | $16,999.00 | $10,601.00 |

It will be seen that the appellant's witnesses estimated the damages at about $3,300. Appellees' wit-

nesses estimated the damages at about $12,700. The appellees' witnesses used as a comparative basis the sale of property several miles away on good and improved highways. The appellant's witnesses used as a comparative basis the sale of property near the property in question. All the jury could go by was the estimated value of the property before and after the taking, based on their opinion as to the value, as held in Miss. State Highway Comm. v. Valentine, 239 Miss. 890, 124 So. 2d 690, 692. Cf. Miss. State Highway Comm. v. Stubbs, 239 Miss. 499, 124 So. 2d 281; McDuffie v. Miss. State Highway Comm., 239 Miss. 518, 124 So. 2d 284; Miss. State Highway Comm. v. Taylor, 237 Miss. 847, 116 So. 2d 757, 759; Miss. State Highway Comm. v. Slade, 241 Miss. 721, 133 So. 2d 282.

 After careful consideration of this record, we hold that the verdict of $20,000 is so grossly excessive as to evince bias, passion and prejudice on the part of the jury, and it cannot be affirmed by this Court. The judgment of the circuit court is reversed and the cause is remanded for a new trial on damages, unless within ten days from the date of final judgment of this Court appellees enter a remittitur of $7,500, thus reducing the award to the aggregate sum of $12,500. In the event the appellees accept such remittitur, the judgment will be affirmed as modified. The costs will be assessed against appellants. Miss. Code 1942, Rec., § 2767.

Reversed and remanded unless appellant accepts specified remittitur; in that event, affirmed with remittitur.

*Kyle, P. J., and Gillespie, Rodgers and Patterson, JJ.,* concur.