SMITH, Justice:
The Mississippi State Highway Commission has appealed from a judgment for $17,-000 entered by the Circuit Court of Lincoln County pursuant to a jury award in that amount made to Homer Leggett and his wife, Mabel Leggett, appellees, as compensation and damages for the taking for highway purposes of 13.04 acres of land.
Appellees’ property, of which 13.04 acres is being taken, consists of 241 acres of farm and pasture land located about l]/2 miles west of U. S. Highway #51 and about six miles south of Brookhaven.
The evidence for appellant was to the effect that just compensation and damages lay within a range of $2762 to $4492. The testimony upon which these figures were based was reasonably supported and well documented. It included many instances *256 of recent sales of property within the vicinity. It took into account all of the indisputable facts of the case relating to severance damages, including the amount of impairment of access, cost of a new farm road to a feed shed to replace one to be severed by the improvement, together with necessary new fences. It was related to the known location of the several existing public roads serving the farm.
On the other hand, the testimony offered by appellees did not reasonably relate to the known facts of the case with respect to impairment of access. The witnesses gave an arbitrary and excessive figure as the amount by which, in their opinion, the remainder of the farm would be damaged by the taking.
It is clear from the whole record that the verdict largely resulted from this latter character of testimony. It is true that ap-pellee, Homer Leggett, testified that he thought they should have $17,300, and offered another witness who said that it was his opinion that their compensation and damages should be $16,515. But analysis of this testimony shows no reasonably acceptable basis for these conclusions as to the consequential damage to the remainder of the farm. This undoubtedly formed the larger portion of the damages awarded by the jury.
We have carefully examined and considered the testimony and exhibits in the record. The conclusion is inescapable that the verdict is so grossly excessive that in good conscience it may not be permitted to stand. As this Court said in Mississippi State Highway Commission v. Taylor, 237 Miss. 847, 116 So.2d 757 (1959):
“No reasonable man in an impartial and objective search for truth could find damages in that amount in this case.” (237 Miss, at 851, 116 So.2d at 759.)
We have concluded that the evidence will not support an award in excess of $9,000, including just compensation for the taking of the 13.04 acres, as well as full consequential damages to the remainder of the farm. Therefore, the judgment of the circuit court will be affirmed if appellees shall, within fifteen days after the judgment of this Court becomes final, enter a remittitur in the amount of Eight Thousand ($8,000) Dollars, in which event the judgment will be affirmed for $9,000. Otherwise, the case will be reversed and remanded for a new trial.
Affirmed on condition of a remittitur; otherwise reversed and remanded.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.