# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-60600
Summary Calendar

ROBERT P. THOMPSON;
PATRICIA ANN THOMPSON,

Plaintiffs - Appellees-Cross-Appellants,

versus

WAL-MART STORES, INC.,

Defendant - Appellant-Cross-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:98-CV-472-GR

May 21, 2001

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

POLITZ, Circuit Judge:[*]

Wal-Mart Stores, Inc. appeals an adverse jury verdict finding it liable for

negligently maintaining the aisles of its store in Pascagoula, Mississippi. Robert and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patricia Ann Thompson appeal the damage award, challenging a ruling allowing cross-examination concerning prior injuries. Finding sufficient evidence to support the verdict and the evidentiary ruling, we affirm.

## BACKGROUND

While Robert Thompson slipped and fell on some bird seed on the floor. He never saw the seed and did not know its origin. Wal-Mart employees were unaware of the birdseed or how it got on the floor, but Wal-Mart presented evidence of various procedures designed for customer safety, including "Safety Sweeps," where employees physically walk through their departments, and "Zone Defenses," wherein employees periodically straighten merchandise shelves and inspect their "zones" for potentially hazardous conditions.

The Thompsons brought the instant action in Mississippi state court. Invoking diversity jurisdiction, Wal-Mart removed to the court *à quo* where the parties agreed to trial before a Magistrate Judge. Wal-Mart unsuccessfully sought judgment as a matter of law at both the close of the Thompson's case and at the close of all evidence. The jury returned a verdict for Robert Thompson in the amount of $47,123.50, but could not reach a verdict with respect to Patricia Thompson's claims. The parties agreed to let the trial court rule on her causes of action and the court awarded her $5,000 for loss of consortium, services and

society.  Wal-Mart renewed its Motion for Judgment as a Matter of Law or Alternatively, Motion for New Trial.  The Thompsons sought a new trial on damages alone.  The court denied all post-trial motions.  Both parties timely appealed.

## ANALYSIS

I.  Motion for Judgment as a Matter of Law or New Trial

We review *de novo* the district court's denial of a motion for judgment as a matter of law.[1]  In order to create a jury question, there must be a conflict in substantial evidence.[2]  Substantial evidence requires "'evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions.'"[3] We employ a slightly more rigorous standard in reviewing the denial of a motion for a new trial, asking whether the party "demonstrate[d] 'an absolute absence of evidence to support the jury's verdict,' thus indicating that the trial court had abused its discretion in refusing to find the

---

[1]  Wyvill v. United Companies Life Ins. Co., 212 F.3d 296 (5th Cir. 2000).

[2]  Id.

[3]  Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969)(en banc), *overruled on other grounds by* Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir.1997)(en banc).

jury's verdict 'contrary to the great weight of the evidence.'"[4] Applying these standards to the issues raised herein, we find no error.

Wal-Mart contends that the Thompsons failed to establish premises liability because they offered no evidence that Wal-Mart: (1) caused the bird seed to be on the floor, or (2) had actual or constructive notice of its presence. These contentions are unpersuasive. In <u>Douglas v. Great Atlantic & Pacific Tea Co.</u>,[5] the Supreme Court of Mississippi extensively reviewed the law regarding premises liability for dangerous conditions. The court held that two rules govern the issue of notice when determining liability for dangerous floor conditions. Initially, where the floor condition is created by the proprietor or by one under his authority, or is a condition in connection with which the proprietor is shown to have taken action, no proof of notice is necessary. Alternatively, where it appears that the floor has been made dangerous by a condition traceable to persons for whom the proprietor is not responsible, a negligence plaintiff must show actual notice or that the condition existed for such a length of time that, in the exercise of reasonable care, the

---

[4] <u>Hidden Oaks, Ltd. v. City of Austin</u>, 138 F.3d 1036, 1049 (5th Cir. 1998)(quoting <u>Dawsey v. Olin Corp.</u>, 782 F.2d 1254, 1262 (5th Cir.1986)).

[5] 405 So. 2d 107 (Miss. 1981).

proprietor should have been aware of it.[6]

The Thompsons alleged that Wal-Mart created an unsafe area by failing to have its merchandise securely fastened, bagged, and closed within the confines of its aisles and shelves. They offered evidence that the birdseed bags were stocked on a shelf adjacent to the spill and that a Wal-Mart employee had, on other occasions, cleaned up birdseed in that area. We perceive no difference between the case at bar and K-Mart Corp v. Hardy,[7] in which the Mississippi court affirmed a jury verdict based on evidence that plaintiff slipped on a paint spill, 2 ½ to 3 feet in diameter, located adjacent to a paint can and lid and approximately a foot and half away from a stacked display at the end of the aisle. The court found sufficient evidence for the jury to trace the spilled paint to the negligent manner in which K-Mart had stacked its paint can display.[8] The Thompsons offered sufficient evidence to create a factual

---

[6] Id. at 110 (citations omitted); see also Drennan v. Kroger Co., 672 So. 2d 1168 (Miss. 1996) (stating "[e]ven though Drennan established the element of notice, its proof is not necessary where it is claimed the condition was created by the negligence of the proprietor or an individual acting under his authority").

[7] 735 So. 2d 975 (Miss. 1999).

[8] Id. at 982. The court found that the case was not "predicated upon whether Kmart had sufficient notice that the spilled product, paint, was on the floor. Rather, Hardy is accusing Kmart of negligence in stocking the paint cans on the end-cap incorrectly resulting in their falling onto the floor and creating a puddle of paint." Id. at 981.

issue for the jury as to Wal-Mart's negligence and the court properly denied its motions for judgment as a matter of law or a new trial.

II. Damage Award

We review admission and exclusion of evidence for abuse of discretion.[9] An error in the exclusion of evidence is not grounds for reversal unless substantial rights are affected or unless the affirmance is inconsistent with substantial justice.[10] The Thompsons challenge the award of damages, asserting that it "represents a compromise verdict in that it is less than two times the medical expenses incurred." They point to evidence, admitted after the court denied their motion in limine, of prior medical injuries to Robert Thompson's knees, back, and wrist, asserting that such evidence improperly persuaded the jury to reduce his award. The injuries in question affected parts of his body which he also injured during his fall. Accordingly, the court was well within its discretion to allow questioning to determine the extent of damages attributable to the fall at issue. Further, it appears that he testified about the injuries during direct examination, lending support to the court's decision to allow Wal-Mart to ask relevant questions.

---

[9] United States v. Sharpe, 193 F.3d 852 (5th Cir. 1999).

[10] Bickerstaff v. South Central Bell Tel. Co., 676 F.2d 163 (5th Cir.1982) (citing FED. R. CIV. P. 61; 28 U.S.C. § 2111).

Finally, the Thompsons sought lost wages, making any previous injury affecting future ability to work directly relevant to the evaluation of damages. Nothing in the record persuades that we should disturb the trial court's evidentiary rulings.

III.    Conclusion

"We exercise with the utmost care the power to set aside a jury verdict and grant a new trial."[11] Finding adequate support in the record to justify the jury's verdict and nothing to demonstrate that the court abused its discretion in allowing testimony concerning previous injuries, the judgment appealed is in all respects AFFIRMED.

---

[11]  Douglas, 405 So. 2d at 111 (citing Williams v. Hood, 114 So.2d 854 (1959)).